IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2012

**ANTWAIN TAPAIGE SALES v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bedford County**
**No. 16158     Franklin L. Russell, Judge**

**No. M2011-02001-CCA-R3-PC - Filed September 27, 2012**

The Petitioner, Antwain Tapaige Sales, appeals the Bedford County Circuit Court's summary dismissal of his petition for post-conviction relief from his conviction for second degree murder and resulting forty-year sentence. On appeal, he contends that the trial court erred in determining that he failed to satisfy the threshold burden to warrant an additional hearing regarding whether the statute of limitations should have been tolled due to his mental incompetence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Antwain Tapaige Sales, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; and Robert Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General for the appellee, State of Tennessee.

**OPINION**

The Petitioner pleaded guilty to second degree murder on April 23, 2007. He filed a petition for post-conviction relief on May 23, 2011, more than three years after the deadline for filing the petition. He argued that he was unable to file a petition asserting his post-conviction claims because he was mentally incompetent and under the effect of psychotropic drugs. To establish that his mental incompetence warranted a tolling of the time within which to file his petition for post-conviction relief, the Petitioner attached two "affidavits" to his petition. The purported "affidavits" do not reflect that they were made under oath. In

the first, Carlene Sales, the Petitioner's mother, stated that "as [an] adult my son had a[n] inability to take care of himself or manage his personal affairs [due] to his mental condition." In the second, Teresa Starnes, the Petitioner's former girlfriend, stated, "[During] the course of our relation, Antwain Sales had inability to manage his personal affairs or take care of himself because of his mental state." No additional statements appeared in either affidavit. Also attached to the petition was a statement written by the Petitioner to his attorney saying that on October 17, 2005, he was diagnosed with a mental illness, that his medication was changed to anti-psychotic medication on November 10, 2005, and that he suffers from "Schitzoaffective Bipolar/Schitzofrantic Paranoia."

The trial court summarily dismissed the petition after finding that the Petitioner failed to file the petition within the one-year statute of limitations and that the Petitioner failed to establish grounds mandating a tolling of the statute of limitations. The court found that the Petitioner made only conclusory and general allegations of mental illness in his petition and the attachments thereto and that the Petitioner failed to allege sufficient facts that would warrant a conclusion that he was mentally incompetent during the limitations period. This appeal followed.

The burden in a post-conviction proceeding is on the Petitioner to prove his allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006); Dellinger v. State, 279 S.W.3d 282, 294 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). The Post-Conviction Procedure Act allows for the filing of only one petition attacking a single judgment, which must be filed within one year of the final action by the highest state appellate court to which an appeal was made or, if no appeal is taken, within one year of the trial court's judgment becoming final. T.C.A. § 40-30-102(a), (c) (2006). Principles of due process may allow tolling of the statute of limitations in limited circumstances. See Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner."). "[A] petitioner who is mentally incompetent is denied an opportunity to raise a claim in a meaningful manner unless the statute of limitations is tolled during the period of mental incompetence." Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000).

With regard to claimed mental incompetence, our supreme court has provided the following regarding a petitioner's pleading requirements:

[T]o make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f). The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities. Even if a petitioner satisfies the prima facie showing, at the hearing the petitioner bears the burden of proving by clear and convincing evidence that the statute of limitations should be tolled for incompetence, and that as a result of the tolling, the petition is timely. Unless this burden is satisfied, the petition should be dismissed as time-barred.

State v. Nix, 40 S.W.3d 459, 464-65 (Tenn. 2001) (citations omitted).

In his petition, the Petitioner failed to set forth any specific factual allegations that demonstrated an inability to manage his personal affairs or understand his legal rights and liabilities for such time that would allow for the filing of a post-conviction petition. The record supports the trial court's finding that the Petitioner made only conclusory and general allegations of mental illness in his petition and its attachments. The Petitioner's unsupported and conclusory allegations were not sufficient to require tolling and to prevent a summary dismissal of his petition.

The Petitioner has vigorously sought to supplement both the trial and appellate records with medical records, asserting that they support his claim. However, his attempts have been after the trial court's decision was rendered and the appeal started. His untimely attempts are unavailing. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE